[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The sole issue before the court in this case is whether the defendant is liable under a rental agreement entered into with the plaintiff-lessor.
The defendant did not testify but the defense was presented through his wife. Since the agreement was negotiated by the plaintiff and the defendant, the court is left with much of the plaintiff's testimony unrebutted.
Mrs. Ford testified that she decided to terminate the tenancy virtually overnight because she concluded there was no adequate water supply. The plaintiff and a prior tenant testified that indeed there was.
The defendant's reliance on Johnson v. Fuller, 190 Conn. 552
(1983) is of no avail under these circumstances as the defendant has not proved the absence of a water supply. Thus, the court cannot find a breach of the implied warranty of habitability.
Had the defendant stated his concerns to the plaintiff and had they not been corrected, he had remedies available to him under Section 47a-13 of the General Statutes.
It is, therefore, the conclusion of the court that the defendant breached his agreement with the plaintiff and is liable in damages for that breach. His damages are found to be $2000 in rent for the month of August, 1988; $5.00 bank charge on the defendant's check on which payment was stopped; $117.04 in advertising costs to relet the premises; and legal interest on the award of $2122.04 from July 26, 1988 to June 26, 1990, $406.72.
Judgment may enter for the plaintiff to recover of the defendant $2,528.76, plus taxable costs.
DeMayo, Judge CT Page 102